IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MICHAEL JERRIAL IBENYENWA | § | |
| VS. | § | CIVIL ACTION NO. 9:19-cv-19 |
| KAYLA G. SCOTT, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Michael Jerrial Ibenyenwa, proceeding *pro se*, filed this civil rights lawsuit. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Procedural Background

Plaintiff has filed several amended complaints and named more than 20 defendants in this matter. The court ordered him to resubmit all his claims in one document. (Doc. #29.) Instead of complying, he attempted to file a sixth amended complaint and a seventh amended complaint. The undersigned entered an Order denying Plaintiff leave to file further amended complaints. (Doc #58.) The court overruled Plaintiff's objections to this Order and gave him additional time to resubmit his claims in a single complaint. (Doc. #61.) The court then denied a motion asking it to reconsider its decision and gave Plaintiff additional time to comply with the prior Orders. (Doc. #66.) Plaintiff was warned that failure to comply could result in dismissal of his lawsuit. A further request for reconsideration was denied. (Doc. #70.) Plaintiff was granted additional time to comply and was again warned that failure to comply would result in dismissal. While Plaintiff responded to this Order, (doc. #72), he did not attempt to submit his claim in a single document. Instead, he asserted the court's Orders were improper.

Discussion

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to prosecute or for failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to

control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962)).  Where, as in this case, the applicable statute of limitations would bar future litigation of Plaintiff's claims, dismissal for failure to prosecute is appropriate only if there is a clear record of delay or contumacious conduct by Plaintiff and if lesser sanctions would not serve the interests of justice.  *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014).

Plaintiff has been ordered repeatedly to resubmit his claims in a single document and twice warned that failure to do so could result in dismissal of his lawsuit.  He has not complied with these Orders.  His failure to comply constitutes a clear record of delay.

Further, a lesser sanction than dismissal would be inadequate.  As Plaintiff is proceeding *pro se*, the imposition of a monetary sanction would almost certainly be futile. In addition, Plaintiff's failure to heed two prior warnings that failure to comply with the Orders could result in dismissal allows the court to infer that less onerous sanctions than dismissal would be insufficient.  *Ben E. Keith Co. v. Dining All., Inc.*, 80 F.4th 695, 704 (5th Cir. 2023).

As described above, Plaintiff has repeatedly failed to comply with Orders of this court.  As a result, this matter should be dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

## Recommendation

This civil rights lawsuit should be dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual

findings and legal conclusions accepted by the district court, *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this the 18th day of October, 2023.**

_____

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE