| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |
|---|---|---|

MICHAEL JERRIAL IBENYENWA, §
§
    Plaintiff, §
§
*versus* § CIVIL ACTION NO. 9:19-CV-19
§
KAYLA G. SCOTT, *et al*., §
§
    Defendants. §

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Michael Jerrial Ibenyenwa, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed the above-styled civil rights lawsuit. The court previously referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to 28 U.S.C. § 636. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending this lawsuit be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

The court has received the Report and Recommendation, along with the record, pleadings, and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation.

Plaintiff has filed several amended complaints and named more than 20 defendants. As described in the Report and Recommendation, plaintiff has repeatedly been ordered to submit his claims in a single complaint. He was also informed that, in accordance with Local Rule CV-3(d), the document he submitted could be no longer than 30 pages. Plaintiff has been granted extensions of time to resubmit his complaint in a single document and warned that failure to do so could result in dismissal of his lawsuit.

In situations such as the present case, when the statute of limitations would bar future litigation of a plaintiff's claims, a case may be dismissed for want of prosecution only if there is a clear record of delay and if lesser sanctions would not serve the interests of justice. *Nottingham*

*v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016).  As a result of plaintiff's repeated failure to comply with the court's orders, the magistrate judge concluded his failure to comply constituted a clear record of delay.  The magistrate judge further concluded a lesser sanction than dismissal would be inadequate.  Accordingly, the magistrate judge recommended the case be dismissed for want of prosecution.

The court has carefully considered plaintiff's objections.  The court is of the opinion the objections are without merit.  The court previously determined plaintiff should be required to resubmit his claims in single document.  Plaintiff has been ordered to do so repeatedly.  Rather than comply, plaintiff chose to assert that the orders were improper.[1]  His failure to comply with the orders constitutes a clear record of delay.  Moreover, as plaintiff is proceeding *in forma pauperis*, making a monetary sanction fruitless, *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013), and has been warned the his case could be dismissed if the orders were not complied with, a lesser sanction than dismissal would not be sufficient.  As a result, the court agrees that this case should be dismissed for want of prosecution.

### ORDER

Accordingly, the objections filed by plaintiff (#78) are **OVERRULED**.  The findings of fact and conclusions of law set forth in the report of the magistrate judge (#74) are correct, and the report of the magistrate judge is **ADOPTED**.  A final judgment dismissing this lawsuit shall be entered.

SIGNED at Beaumont, Texas, this 26th day of January, 2024.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

---

[1] After the Report and Recommendation was submitted, plaintiff filed a proposed Eighth Amended Complaint.  Again, however, rather than comply with the court's orders, plaintiff attempted to circumvent the orders by stating he was incorporating portions of five prior complaints by reference.  The court does not consider this Amended Complaint as a good faith effort at compliance.  Further, plaintiff seeks to incorporate by reference more than 50 pages, an amount which exceeds the number of pages permitted by local rule.